■ MONICA PORTER, Appellant, v B. CHUBINEH WOOD, Re-

spondent, et al., Defendant.—In a medical malpractice action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Monteleone, J.), dated October 7, 1985, which, upon granting the respondent's motion for judgment as a matter of law, and setting aside a jury verdict in the plaintiff's favor in the principal sum of $100,000, is in favor of the respondent and against her.

Ordered that the judgment is modified, on the facts and as an exercise of discretion, by reinstating the jury's verdict as to liability only, and a new trial is granted to the respondent on the issue of damages only, unless within 20 days after service upon the plaintiff of a copy of this decision and order, with notice of entry, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages in her favor to the principal sum of $50,000, and to the entry of an amended judgment accordingly; in the event the plaintiff so stipulates, then the judgment is reversed, on the facts, with costs, the respondent's motion is denied, the jury verdict, as so reduced and amended, is reinstated, and the matter is remitted to the Supreme Court, Kings County, for entry of an appropriate judgment.

The evidence was legally sufficient to support the jury's finding of liability (see, Cohen v Hallmark Cards, 45 NY2d 493, 499; Nicastro v Park, 113 AD2d 129, 132), and the trial evidence, in its entirety, did not so heavily preponderate in favor of the defendant physician as to warrant the conclusion that the verdict could not have been reached on any fair interpretation of the evidence (see, Taype v City of New York, 82 AD2d 648, 650-651, lv denied 55 NY2d 608; O'Boyle v Avis Rent-A-Car Sys., 78 AD2d 431, 438-439).

However, the verdict was excessive to the extent indicated. Eiber, J. P., Kunzeman, Sullivan and Harwood, JJ., concur.